IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY BLUM,

                Plaintiff,                            ORDER

    v.

                                                      14-cv-814-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Jerry Blum seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. On October 15, 2015, the court heard oral argument in this case. For reasons discussed during the hearing, the court will remand this case to the Commissioner for further proceedings.

Blum alleged that he was unable to work because of carpal tunnel syndrome, left foot atrophy, degenerative disc disease, and right shoulder pain. Since 2003, Blum has undergone three back surgeries, carpal tunnel release surgery, and physical therapy, all of which have provided only modest relief. Blum's treating physician, Gary Grunow, MD, opined on the physical limitations that Blum's underlying conditions caused. R. 321-25.[1] According to Dr. Grunow, Blum would require exertional and postural limitations, he would have good days and bad days, and he would need to miss work three days per month. *Id.* The ALJ gave Dr. Grunow's opinion little weight "because the degree of limitation expressed in [his] assessment is not proportional to the physical examination findings or the plan of care." R. 21. But this reasoning, without more, does not justify withholding controlling weight from Dr. Grunow's opinion.

---

[1] Record cites are to the administrative record. Dkt. 7.

The ALJ recited the correct standard for determining whether a treating source's opinion is entitled to controlling weight, but he did not apply that standard to the medical evidence in the record. Despite recounting Blum's considerable medical history, the ALJ did not specifically identify evidence that was inconsistent with Dr. Grunow's opinion. Indeed, much of the evidence that the ALJ summarized actually *supported* Dr. Grunow's limitations. For example, a 2011 disability assessment indicated that Blum had experienced considerable loss of sensation and grip strength in his right hand, and in 2012, Blum's persistent leg pain led him to undergo a discectomy. R. 19. Remand is necessary because the court cannot trace the ALJ's reasons for giving Dr. Grunow less than controlling weight.

Even if Dr. Grunow's opinion was not entitled to controlling weight, the ALJ still needed to identify and apply the pertinent regulatory factors in 20 C.F.R. § 404.1527(c) to weigh his opinion and the other medical opinions in the record. Here, beyond acknowledging that Dr. Grunow is a treating source—a factor that favors giving his opinion greater weight—the ALJ did not engage these factors in analyzing Dr. Grunow's opinion. Instead, it appears as though the ALJ simply disagreed with Dr. Grunow's conclusions about the limitations that Blum's conditions imposed. But an ALJ cannot "play doctor" and substitute his own medical conclusions for those of a medical professional. *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). Thus, regardless of whether the ALJ properly withheld controlling weight, remand would be required for the ALJ to articulate his reasons for assigning little weight to Dr. Grunow's opinion.

Blum also alleges that the vocational expert who was present at the hearing lacked a proper foundation from which to testify to the number of jobs available to a person with Blum's residual functional capacity. The Seventh Circuit has expressed skepticism at the methodology that VEs use to calculate the number of jobs available. *See, e.g., Voigt v. Colvin*, 781 F.3d 871

2

(7th Cir. 2015). But the court of appeals has not overruled its precedent that a social security claimant forfeits arguments about conflicts between a VE's testimony and the *Dictionary of Occupational Titles* when the claimant is represented at the hearing and his representative fails to object. Unless the conflicts are so apparent that the ALJ should know that the VE's testimony conflicts with the DOT, the ALJ is entitled to accept the VE's unchallenged testimony. *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). Here, Blum was represented at the hearing and his representative did not challenge the numbers that the VE provided. Given the direction of recent Seventh Circuit decisions, the ALJ may want to inquire into the VE's methodology. But this issue, standing alone, does not require remand.

On remand, the ALJ must adequately explain why Dr. Grunow's opinion is not entitled to controlling weight by identifying how it is inconsistent with other evidence of record. And if the ALJ determines that controlling weight is not appropriate, then he must still identify and apply the pertinent § 1527(c) factors to weigh the medical opinions in this case.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered October 16, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge